UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Glen Strickland, Jr., #273860, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 9:18-504-BHH |
| vs. | ) | |
| | ) | |
| Major James Parrish, Sgt. Tonya Johnson, Sgt. E. Walker, Associate Warden Washington, Officer Daniels, Lt. Craig Beckett, Unknown Named Broad River Corr. Officer, Ofc. Johnson, Sgt. Jackson, Ofc. Smith, Ofc. Rambo, Sgt. McCoy, Ofc. Roberts, Sgt. For-mez, and Sgt. J.C., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

## BACKGROUND

Plaintiff Glen Strickland, Jr. ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Major James Parrish, Sgt. Tonya Johnson, Sgt. E. Walker, Associate Warden Washington, Officer Daniels, Lt. Craig Beckett, Unknown Named Broad River Corr. Officer, Ofc. Johnson, Sgt. Jackson, Ofc. Smith, Ofc. Rambo, Sgt. McCoy, Ofc. Roberts, Sgt. For-mez, and Sgt. J.C. ("Defendants"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Marchant's Report recommends that the Court grant Defendant Beckett's motion to dismiss the complaint (ECF No. 37) for failure to exhaust administrative remedies and for failure to assert any substantive factual allegations against Defendant Beckett in the first instance. (*See* ECF No. 47 at 2–9.) Plaintiff filed objections on March 8, 2019. (ECF No.

50.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, Plaintiff filed objections to the Magistrate Judge's Report, which the Court has carefully reviewed. The objections fail to state any specific objection to the Magistrate Judge's sound reasoning or direct the Court to any specific error in the proposed findings and recommendation that Defendant Beckett should be dismissed as a party Defendant. The Court agrees with the Magistrate Judge's comprehensive and well-reasoned Report. After careful review, the Court finds that the Magistrate Judge

fairly and accurately summarized the facts, applied the correct principles of law, and committed no error. Moreover, the Court finds that Plaintiff's objections lack merit, and they are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, Defendant Beckett's motion to dismiss is GRANTED, and he is dismissed as a party Defendant to this action.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

May 9, 2019
Greenville, South Carolina