IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISON

| | |
|---|---|
| Glen Strickland, Jr., <br><br>                Plaintiff, <br><br>vs. <br><br>Major James Parrish, Sgt. Tonya Johnson[1], Sgt. E. Walker, Associate Warden Washington, Officer Daniels, Unknown Named Broad River Corr Officer, Ofc. Johnson, Sgt. Jackson, Ofc. Smith, Ofc. Rambo, Sgt. McCoy, Ofc. Roberts, Sgt. For-mez, and Sgt. J.C., <br><br>                Defendants. | Civil Action No. 9:18-504-BHH <br><br>**OPINION AND ORDER** |

Plaintiff Glen Strickland, Jr. ("Plaintiff"), a frequent filer of *pro se* litigation in this Court, brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on September 9, 2019. (ECF No. 70.) In his Report, the Magistrate Judge recommends that the Court grant the motion to dismiss Defendants Officer Daniels, Officer Johnson, Sergeant Jackson, Officer Smith, Officer Rambo, Sergeant McCoy, Officer Roberts, Sergeant For-mez, Sergeant J.C., and Unknown Named Broad River Correctional Officer (ECF No. 56), and that these Defendants all be dismissed as party

---

[1] Although Plaintiff identifies Defendant Tonya Johnson as a Sergeant, she is apparently a Lieutenant.

1

Defendants in this case with prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 70 at 37.) In addition, the Magistrate Judge recommends that the Court grant Defendants Major James M. Parrish, Captain Elbert Walker, II, Lieutenant Tonya Johnson ("Johnson") and Associate Warden Gregory S. Washington's motion for summary judgment (ECF No. 59) and dismiss this case. (ECF No. 70 at 38.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[2]

## BACKGROUND

Magistrate Judge Marchant issued the Report on September 9, 2019. (ECF No. 70.) On September 20, 2019, Defendants Parrish, Walker, Johnson, and Washington filed an objection to the Report insofar as it failed to address whether this action should be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act. (ECF No. 72.) Plaintiff filed objections on September 23, 2019. (ECF No. 74.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

---

[2] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

2

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

The Magistrate Judge first found that, under Federal Rule of Civil Procedure 4(m), Defendants Officer Daniels, Officer Johnson, Sergeant Jackson, Officer Smith, Officer Rambo, Sergeant McCoy, Officer Roberts, Sergeant For-mez, Sergeant J.C., and Unknown Named Broad River Correctional Officer are all entitled to dismissal as party Defendants because they have never been served with process in this case. (ECF No. 70 at 4.) Accordingly, the Magistrate Judge concluded that the motion to dismiss these Defendants (ECF No. 56) should be granted. (ECF No. 70 at 6.) Plaintiff did not object to this conclusion and the Court finds no error in the Magistrate Judge's analysis or recommendation. Consequently, the recommendation is adopted.

The Magistrate Judge next found that Plaintiff exhausted his administrative remedies with respect to nine of the twenty-one grievances he filed while at Broad River Correctional Institution ("BRCI"), and that of these nine exhausted grievances, only three—Grievance Nos. BRCI-0010-16, BRCI-0212-16, and BRCI-0421-16—relate to the allegations contained in Plaintiff's complaint. (*Id.* at 6–9.) Accordingly, the Magistrate Judge concluded that, other than the claims noted in those three grievances, the moving Defendants are entitled to dismissal of the claims asserted against them in this lawsuit. (*Id.* at 9–10.) Plaintiff did not object to this conclusion and the Court finds no error in the

3

Magistrate Judge's analysis or recommendation. Therefore, the recommendation is adopted.

The Magistrate Judge next reviewed the allegations contained in BRCI-0010-16 (claims of harassment/sexual harassment), BRCI-0212-16 (February 9, 2016 incident), and BRCI-0421-16 (April 8, 2016 incident), as well as the claims in Plaintiff's complaint that correspond to the exhausted claims in these grievances and the evidence pertaining to those claims. (*Id.* at 10–23.)

With respect to Plaintiff's claims of harassment, the Magistrate Judge found that Plaintiff's failure to identify a particular individual(s) or Defendant(s), and failure to specify what that individual(s) allegedly did to him that violated his constitutional rights, requires dismissal of his claim. (*Id.* at 23–24, 26–29.) Moreover, even assuming the factual averments set forth in Plaintiff's complaint to be true for purposes of summary judgment, the allegations of harassment describe distasteful conduct but fail to establish a viable constitutional claim. (*Id.* at 25.) Accordingly, the Magistrate Judge concluded that Defendants are entitled to summary judgment on the harassment claims, and those claims should be dismissed. (*Id.* at 29.) Nonetheless, Magistrate Judge Marchant noted that his findings regarding the harassment claims do not preclude the possibility that Plaintiff may have a viable state law claim relating to his "groping" claim, or some further internal prison remedies he may pursue (assuming, for the purposes of summary judgment, that this incident occurred). (*Id.* at 28 n.20.) However, the Magistrate Judge reiterated that the "groping" allegation as set forth in Plaintiff's grievance and complaint fails to rise to the level of a constitutional violation. (*Id.*)

With respect to the February 9, 2016 incident the Magistrate Judge found that,

even considered in the light most favorable to the Plaintiff, the evidence shows the need for the application of force (Plaintiff concedes that he was refusing to comply with directives and engaged in a physical confrontation with correctional officers), that the officers present would reasonably have perceived a threat to staff as well as other inmates from Plaintiff's conduct, that the force used was—by Plaintiff's own admission—for the purpose of gaining control of Plaintiff, and that the medical evidence submitted fails to show that Plaintiff suffered any significant injury as a result of the incident. (*Id.* at 29–32.) Therefore, the Magistrate Judge concluded that the fact that Plaintiff describes, in conclusory fashion, the amount of force used against him as being "excessive"—including being dragged or thrown on the floor or having his head hit on a fence post while he was being carried—is simply not sufficient by itself to create a genuine issue of fact that the amount of force used in this case was constitutionally excessive under the circumstances. (*Id.* at 33.) Accordingly, Magistrate Judge Marchant found that Defendants are entitled to summary judgment on Plaintiff's excessive force claim arising out of the February 9, 2016 incident. (*Id.* at 34.)

With respect to the April 8, 2016 incident the Magistrate Judge notes that the only "evidence" that Plaintiff has presented to support this excessive force claim are the "facts" he has alleged in his complaint. (ECF No. 70 at 34.) Magistrate Judge Marchant further observes that in the grievance Plaintiff submitted regarding this incident, Plaintiff admits he "became disruptive" during a security detention hearing, pushed back against Associate Warden Washington's efforts to lead him out of the hearing, and head-butted Washington during the ensuing struggle. (*Id.* at 35.) These admissions are consistent with the affidavits submitted by Defendants, leading the Magistrate Judge to conclude, "based

5

on the facts and evidence, even Plaintiff's own evidence . . ., Washington and Johnson were justified in using physical force to subdue the Plaintiff based on his own conduct and his failure to comply with the Defendants' instructions." (*Id.* at 36.) Even considering the evidence in the light most favorable to Plaintiff, Magistrate Judge Marchant found the evidence shows the need for the application of force, that the officers present reasonably perceived a threat to staff as well as other inmates from Plaintiff, that the force used was for the purpose of gaining control of the Plaintiff, and that Plaintiff has failed to show he suffered any serious injury as a result of the incident. (*Id.*) Accordingly, Magistrate Judge Marchant found that Defendants are entitled to summary judgment on Plaintiff's excessive force claim arising out of the April 8, 2016 incident. (*Id.* at 37.)

Plaintiff first objects by making unsupported assertions about "being maced" during the February 9, 2016 incident, and claiming that an alleged failure to document in the logbook the use of mace, the use of force, and the reason for his being escorted to medical is an indication that Defendants are trying to conceal their misconduct. (*See* ECF No. 74 at 1.) There is no evidence for any of these assertions. They fail to point the Court to any specific error in the Magistrate Judge's reasoning or conclusions, and they are unavailing to demonstrate the existence of any genuine issue of material fact that would prevent the entry of summary judgment. Accordingly, the objection is overruled.

Plaintiff next objects by further contesting the details of the February 29, 2016 incident, insisting that after Defendant Walker stood Plaintiff up from "having thrown [Plaintiff] to the floor" he "push[ed] [Plaintiff] head first into the fence post, causing a pronounced egg shape concussion on [Plaintiff's] forehead area." (*See id.*) Plaintiff asserts in conclusory fashion, "The medical records fail to show the head injury I

sustained in the 2-9-16 assault because the nurse failed to document the visible injury. Neither does the medical record show why I was decontaminating." (*Id.*) Again, Plaintiff's unsupported assertions fail to point the Court to any error in the Magistrate Judge's reasoning or conclusions. Plaintiff has not demonstrated a genuine dispute regarding a material fact relevant to the February 9, 2016 incident. The Court agrees with the sound analysis of the Magistrate Judge and overrules the objection.

The remainder of Plaintiff's objections lack the specificity and/or relevance to warrant individualized consideration here. (*See* ECF No. 74.) Suffice it to say, Plaintiff has not pointed the Court to any error in the Magistrate Judge's analysis. Accordingly, Plaintiff's objections are overruled *in toto*.

Defendants Parrish, Walker, Johnson, and Washington do not object to the substance of the Magistrate Judge's findings and recommendations regarding disposition of Plaintiff's claims and dismissal of the case. (*See* ECF No. 72.) Accordingly, the only issue still requiring the Court's consideration is Defendants' objection regarding the Report's failure to address whether this action should count as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), which the Court will now address *de novo*.

Defendants argue that this case should be designated as a strike pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(1) and 1915A(b)(1), because the lawsuit is baseless and constitutes a waste of judicial resources. (*See* ECF No. 72 at 2–7.) This action is one of seven *pro se* lawsuits in this district—six of which have been assigned to the undersigned—that Plaintiff has filed *in forma pauperis* alleging similar or identical claims each time he is transferred to a new confinement facility. (*See id.* at 4–7 (summarizing

the history of Plaintiff's lawsuits in the District of South Carolina and identifying repeated allegations).) Indeed, the undersigned has recently conducted analyses of whether certain other lawsuits brought by Plaintiff and assigned to the Court should count as a strike and found, depending on the circumstances, both that they should, *see* ECF No. 48, *Strickland v. Robinson, et al.*, No. 9:18-cv-793 (D.S.C. Sept. 11, 2019), and that they should not, *see* ECF No. 103, *Strickland v. Blackwell, et al.*, No. 9:18-cv-104 (D.S.C. March 2, 2019); ECF No. 59, *Strickland v. Ford, et al.*, No. 9:18-cv-503 (D.S.C. September 12, 2019). The Court agrees that the instant case should count as a strike against Plaintiff and sustains the objection. Plaintiff has repeatedly filed lawsuits alleging virtually identical claims at each correctional institution to which he is transferred. These lawsuits have often included specious allegations regarding Plaintiff supposedly being harassed, his food supposedly being tampered with, and corrections officers supposedly saying rude things to him. These allegations come in the context of Plaintiff, by his own admission, spitting on corrections officers, throwing feces on them, and causing various disturbances with the officers and other inmates. Where the Court has found that Plaintiff's complaints should not count as a strike against him under the PLRA, it is because, though ultimately unsuccessful at surviving summary judgment, he raised colorable claims of excessive force pertaining to physical altercations he had with corrections officers. The instant case is distinguishable because Plaintiff's own allegations state that he only got into physical altercations with corrections officers following: (1) his refusal to comply with a directive to clean feces off the floor of his cell (February 9, 2016 incident)); and (2) his becoming disruptive and irate during a security detention board, cursing at the corrections personnel who were present, and head butting Associate Warden Washington. (*See* ECF No. 1 at

13–14; ECF No. 37-22 at 2–3.) Accordingly, the Report is hereby modified to include an additional finding that this action counts as a strike for purposes of the Prison Litigation Reform Act and §§ 1915(e)(2)(b)(1) and 1915A(b)(1) because the Court finds the allegations to be frivolous.

## CONCLUSION

For the reasons set forth above, the Report (ECF No. 70) of the Magistrate Judge is ADOPTED and incorporated herein. Defendants Parrish, Walker, Johnson, and Washington's motion for summary judgment (ECF No. 59) is GRANTED, and all claims asserted against these Defendants are dismissed. With respect to the claims on which summary judgment is being granted due to Plaintiff's failure to exhaust his administrative remedies, the dismissal is *without prejudice.* (*See* ECF No. 70 at 6–10.) All other dismissed claims are dismissed *with prejudice*. The remaining Defendants' motion to dismiss for lack of service (ECF No. 56) is GRANTED, and the case is dismissed *in toto*. Defendants' objection (ECF No. 72) is SUSTAINED to the extent that it seeks a ruling regarding whether this action constitutes a strike for purposes of the Prison Litigation Reform Act. Accordingly, the Report is MODIFIED to include an additional finding that this action counts as a strike against Petitioner because the Court finds the allegations to be frivolous under 28 U.S.C. §§ 1915(e)(2)(b)(1) and 1915A(b)(1).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 3, 2020
Charleston, South Carolina